IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KEWAN ROBERSON,

    Petitioner,

vs.

SUZANNE R. HASTINGS,

    Respondent.

CIVIL ACTION NO.: CV214-051

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kewan Roberson ("Roberson"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Roberson's petition should be **DENIED**.

## STATEMENT OF THE CASE

Roberson was convicted in this Court on May 23, 2012, of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Honorable William T. Moore, Jr., sentenced Roberson to 49 months' imprisonment on each count, to be served concurrently with each other. (Doc. No. 9-1, pp. 10–11). Roberson has a projected release date of January 12, 2017, via good conduct time release. (Id. at p. 18).

Roberson contends that the Bureau of Prisons ("BOP") has not awarded him with the appropriate amount of credit against his federal sentence. Roberson also contends that the BOP incorrectly denied his *nunc pro tunc* designation request, which would have allowed his federal and state sentences to run concurrently.

Respondent asserts that Roberson has received all of the credit against his federal sentence to which he is entitled. Respondent alleges that the BOP's determination that Roberson is not entitled to *nunc pro tunc* designation is entitled to deference.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Sentence credit computation

Roberson contends that the BOP erred by failing to give him credit against his federal sentence from the time of his pre-trial detention through the date of his sentencing. Respondent asserts that Roberson has received credit against his state sentence, and the credit he seeks against his federal sentence cannot be given.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993); see also 18 U.S.C. § 3584(a). It is for a federal court to decide if an offender's federal sentence will run concurrently or consecutively to any state sentence the offender may face. See United States v. Andrews, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003). Additionally, "'if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government

2

wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus ad prosequendum is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693.

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). Section 3585 of Title 18 of the United States Code provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Roberson's federal sentence at issue began on June 24, 2013, the date he was

transferred to the custody of the United States Marshals Service. Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Roberson was arrested in Savannah, Georgia, on state charges for drug and firearms offenses on August 5, 2011. At that time, Roberson was on probation due to a previously-imposed state sentence. (Doc. No. 9-1, pp. 3, 21–22). Roberson was taken into custody by federal authorities pursuant to a writ of habeas corpus ad prosequendum on November 21, 2011. (Id. at p. 26). The Honorable William T. Moore, Jr., sentenced Roberson to 49 months' imprisonment on May 23, 2012, and he was returned to the State of Georgia's custody on that same date. (Id. at p. 27). Roberson's state charges were dismissed on May 11, 2012, but his state probation was revoked on the same date. Roberson was sentenced to a five-year term of imprisonment. (Id. at pp. 3, 22). Roberson's probation revocation sentence was terminated on June 24, 2013, and Roberson was transferred to the custody of the United States Marshals Service on that date, which is the date Roberson's sentence commenced. (Id. at pp. 4, 27). Respondent asserts that Roberson received credit against his state sentence from the date of his arrest on August 5, 2011, until the date of his state revocation proceedings on May 11, 2012.

Roberson's federal judgment was silent as to whether his federal sentence was to run concurrently with or consecutively to his state sentence. (Id. at p. 6). Thus, Roberson's federal sentence was to run consecutively to his state sentence. 18 U.S.C. § 3584(a). Roberson's federal sentence commenced on June 24, 2013, the date the

4

United States Marshals Service obtained custody of him. Roberson is not entitled to any of the requested credit against his federal sentence.

## II. *Nunc pro tunc* designation

The BOP shall designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). The BOP, in its "sound discretion", can "designate a state prison as a place of federal confinement *nunc pro tunc*." Roman v. Nash, 184 F. App'x 277, 279 (3d Cir. 2006) (citing Barden v. Keohane, 921 F. 2d 476, 481 (3d Cir. 1991)). In making this determination, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b).

The BOP's implementation of this statute is found at Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. This Statement provides an inmate with the opportunity to request a *nunc pro tunc* designation based on an inmate's request for pre-sentence credit for time spent in service of a state sentence. (Doc. No. 9-1, pp. 7, 39). While the BOP must consider an inmate's request, the BOP has no obligation to grant the request "by designating a state institution retroactively as the place to serve the federal sentence." (Id. at p. 40). The BOP will gather and review certain information, such as the federal and state Judgments and Commitments, the state sentence data record to include jail credit, and

5

"any other pertinent information" relating to the sentences. (Id.) Under BOP Program Statement 5160.05, the Regional Directors are delegated the authority to designate a non-federal facility for concurrent service of a federal sentence and may make such a designation "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Program Statement 5160.05, p. 4 (Doc. No. 9-1, p. 38).

The BOP considered Roberson's request for *nunc pro tunc* designation and denied the request. Roberson was informed that *nunc pro tunc* designation was not appropriate for him because his state sentence was imposed prior to his federal sentence. (Doc. No. 9-1, p. 49). Roberson was further informed that, by statute, multiple terms of imprisonment imposed at different times run consecutively unless a court orders otherwise and that a federal court has no jurisdiction to tell a state court how to calculate or run its sentences. (Id.).

The BOP considered Roberson's request for *nunc pro tunc* designation as required by statute and as implemented in Program Statement 5160.05. The BOP's decision to deny Roberson's request falls within the BOP's discretion, and Roberson provides no reason why this Court should disturb the BOP's determination. Roberson is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Roberson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)